SCANLON, APPELLANT, *v.*
CASKEY, APPELLEE.

(No. C-890074—Decided
February 28, 1990.)

*John C. Scanlon, pro se.*
*Taliaferro & Mann, David S. Mann* and *Douglas M. Morehart,* for appellee Phyllis Caskey.

*Per Curiam.* This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local Rule 12, the record from the trial court, the briefs and the oral arguments of counsel.

Appellee filed a written "Request for Investigation" with the Cincinnati Bar Association, stating therein either real or perceived conduct of appellant alleged to be a breach of legal ethics. As a result of appellee's "Request," appellant filed a defamation suit against her, stating that the "Request" was actionable. The trial court granted appellee's Civ. R. (B)(6) motion to dismiss for failure to state a cause of action upon which relief could be granted.

Appellant's single assignment of error claims the trial court erred in granting the motion to dismiss appellant's complaint on the ground of privilege. We disagree for the reason that written matters referred to the Cincinnati Bar Association pursuant to Gov. Bar R. V(5) and (6) are quasi-judicial and are subject to protection under the rule of absolute privilege. As stated in the syllabus of *Surace* v. *Wuliger* (1986), 25 Ohio St. 3d 229, 25 OBR 288, 495 N.E.2d 939:

"As a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears."

We find that the statements of appellee are relevant and pertinent to the quasi-judicial proceedings outlined *supra,* and that a dismissal under Civ. R. 12(B)(6) was a proper disposition of the instant matter. See *Surace* v. *Wuliger, supra.*

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., UTZ and GORMAN, JJ., concur.